UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STAES OF AMERICA<br>*ex rel.* DR. MARK RUDERMAN, | : | CIVIL ACTION<br>No. _____ |
| Plaintiff, | : | |
| v. | : | |
| DR. BARBARA KAGE AND<br>RHEUMATOLOGY & ALLERGY<br>INSTITUTE OF CONNECTICUT, LLC, | : | JURY TRIAL<br>DEMANDED |
| Defendants. | : | FILED *IN CAMERA*<br>UNDER SEAL<br>PURSUANT TO 31 U.S.C.<br>§ 3730(B)(2)<br><br>NOVEMBER 18, 2008 |

## COMPLAINT AND JURY DEMAND

Plaintiff the United States of America, *ex rel.* Dr. Mark Ruderman ("Dr. Ruderman" or "Relator"), alleges as its Complaint against Defendants Dr. Barbara Kage and the Rheumatology & Allergy Institute of Connecticut, LLC (collectively, "Defendants") as follows:

## INTRODUCTION

1. This is an action to recover damages, treble damages, and penalties on behalf of the United States of America based on false and fraudulent claims made and/or caused to be made by Defendants Dr. Kage and the Rheumatology & Allergy Institute of Connecticut, LLC, their agents, employees and co-conspirators, in violation of the False Claims Act, 31 U.S.C. §§ 3729 to 3733, as amended (the "Act"). These violations consist of the intentional submission of false claims to the United States of America (the "Government"), specifically Medicare, a federally funded insurance program, for the purpose of receiving payments in excess of those to which Defendants were lawfully entitled for the services rendered, which were either not performed, or not performed as coded.

2. Defendants submitted to the Government claims for reimbursement that demanded payment for services that had not been rendered or for a lower grade of services rendered.

3. The Act provides that any person who knowingly presents or causes to be presented, or conspires to defraud the Government by presenting, a false or fraudulent claim to the Government for payment or approval is liable for a civil penalty of not less than $5,500

SHIPMAN & GOODWIN® LLP • COUNSELORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103-1919 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

and not more than $11,000 for each false or fraudulent claim submitted to the Government to be paid, plus three times the amount of the damages sustained by the Government.

4.  The Act provides that any person having information regarding a false or fraudulent claim against the Government may bring an action for himself, as a *qui tam* Plaintiff/Relator, and on behalf of the Government. Additionally, the Act provides that the *qui tam* Plaintiff/Relator may share in any recovery.

5.  Under the Act, the Complaint is to be filed *in camera* and remain under seal for a period of at least sixty (60) days and shall not be served on Defendants until the Court so orders. The Government may elect to intervene and proceed with the action within sixty (60) days after it receives both the Complaint and the material evidence and information in support thereof.

6.  As required under the Act, Dr. Ruderman has provided to the Attorney General of the United States and to the United States Attorney for the District of Connecticut, simultaneous with the filing of the Complaint, a statement of all material evidence and information related to the Complaint. This Disclosure Statement supports the existence of overcharges and false claims by Defendants.

SHIPMAN & GOODWIN® LLP • COUNSELORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103-1919 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

## PARTIES TO THE ACTION

7.  *Qui tam* Plaintiff/Relator Dr. Ruderman is a citizen of the United States and a resident of the State of Connecticut. Dr. Ruderman brings this action on behalf of himself and the United States of America pursuant to 31 U.S.C. § 3730(b)(1). Before his recent retirement, Dr. Ruderman practiced rheumatology with Rheumatology Associates, P.C. in Hartford, Connecticut.

8.  Upon information and belief, Defendant Dr. Kage is a citizen of the United States and a resident of the State of Connecticut and was, at all times material to the Complaint, a physician practicing with the Rheumatology & Allergy Institute of Connecticut, LLC.

9.  Defendant Rheumatology & Allergy Institute of Connecticut, LLC (the "Rheumatology & Allergy Institute") is a limited liability company organized under the laws of the State of Connecticut, with its principal place of business in Connecticut. Defendant Dr. Kage is the principal of the Rheumatology & Allergy Institute.

-4-

## JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 31 U.S.C. § 3732. Specifically, section 3732 confers jurisdiction on this Court for false claims actions brought pursuant to 31 U.S.C. § 3730.

11.     This Court has personal jurisdiction over Defendants pursuant to 31 U.S.C. § 3732(a), which authorizes nationwide service of process. Additionally, this Court has personal jurisdiction over Defendants because both Defendants are Connecticut residents.

12.     Venue is proper in this district pursuant to 31 U.S.C. § 3732(a) because Defendant Rheumatology & Allergy Institute's principal place of business is in the District of Connecticut and because Dr. Kage can be found in, resides in, and transacts business in the District of Connecticut. Additionally, the violations of 31 U.S.C. § 3729 described herein occurred within this judicial district.

13.     This civil action is not based upon any public disclosures of information within the meaning of 31 U.S.C. § 3730(e)(4)(A). Relator had direct and independent knowledge, derived from his review of his patients' medical history records and discussions with those patients, of the information on which the allegations set forth in the Complaint are based and

is an "original source" of the information alleged herein within the meaning of 31 U.S.C. § 3730(e)(4)(B).

14. Relator voluntarily provided this information to the Government before filing the Complaint.

15. First, Relator presented evidence regarding Defendants' misconduct as alleged herein to Kenneth O'Brien, a patient of Rheumatology Associates, P.C., whom Relator believed at the time worked for the Connecticut State's Attorney's Office, approximately two years before filing this Complaint.

16. Second, Relator initially presented evidence about Defendants' misconduct to federal investigators approximately one and one-half years prior to the filing of this Complaint.

## GENERAL ALLEGATIONS

17. While practicing medicine with Rheumatology Associates, P.C., Relator became familiar with certain billing practices of Defendants because he treated Defendants' former patients and reviewed Defendants' medical records of those patients.

18. Defendants provide services for the diagnosis and treatment of rheumatic and allergic diseases in Manchester, Connecticut.

SHIPMAN & GOODWIN® LLP • COUNSELORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103-1919 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

19.  Upon information and belief, at all times material to the Complaint, Defendants participated in the federally-funded health care program Medicare.

20.  Upon information and belief, Defendants submitted false claims for payment to the Government by way of claims for reimbursement directed to the Government through a fiscal intermediary or a carrier that processes health insurance claims on the Government's behalf.

21.  Medicare is a federally funded health insurance program primarily for the elderly. Medicare was created in 1965 in Title XVIII of the Social Security Act. Medicare has two parts: Part A, the Basic Plan of Hospital Insurance, which covers the cost of hospital services and related care; and Part B, which covers the cost of physicians' services and other ancillary services not covered by Part A.

22.  Medicare is administered by the Centers for Medicare and Medicaid Services ("CMS"), formerly the Health Care Financing Administration. CMS utilizes a coding system entitled "Current Procedural Terminology" or "CPT", which is a common language for coding physician services and procedures for purposes of seeking reimbursement from the Medicare program. Physicians participating under the Medicare system submit claims for reimbursement using forms presently known as forms CMS 1500. These forms are

SHIPMAN & GOODWIN® LLP • COUNSELORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103-1919 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

completed using appropriate CPT codes and modifiers, if applicable, to describe the services rendered to the Medicare beneficiary.

23. At all times material to the Complaint, the form of Medicare reimbursement requests was prescribed by the Federal Government, and detailed regulations, procedures, and instructions were provided that Defendants' had to follow in calculating and submitting reimbursement claims.

24. Upon information and belief, Defendants have presented claims for reimbursement using forms CMS 1500 to the Government for services provided to individual beneficiaries.

## SPECIFIC ALLEGATIONS

25. Upon information and belief, Defendants systematically defrauded the Government with respect to the submission of forms CMS 1500, for at least the past four years through the present, by including in the forms CMS 1500 individual reimbursement claims that Defendants knew were false or otherwise improperly coded.

26. The specific conduct of Defendants at issue and which led to and/or constituted the submission of false claims is, among other things, as follows:

-8-

**SHIPMAN & GOODWIN**® LLP • *COUNSELORS AT LAW*
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103-1919 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

A. <u>Fraudulent Submission of Claims for Reimbursement to Medicare for Procedures Not Actually Performed</u>

27. Upon information and belief, Defendants submitted false claims for reimbursement to the Government for paravertebral nerve block injections, paravertebral facet joint injections, and/or epidural injections, which were not actually performed.

28. Upon information and belief, Defendants informed Medicare beneficiaries that they received paravertebral nerve block injections, paravertebral facet joint injections, and/or epidural injections.

29. Relator reviewed several Explanations of Benefits (EOBs), completed by Defendants. The EOBs indicated that patients had received paravertebral nerve block injections, paravertebral facet joint injections, and/or epidural injections.

30. When Defendants' former patients described these paravertebral nerve block injections, paravertebral facet joint injections, and/or epidural injections to Relator, they explained that Defendant Dr. Kage administered one to three injections while they were sitting on an examination table. The patients' description of these procedures indicated that, rather than receiving paravertebral nerve block injections, paravertebral facet joint injections, and/or epidural injections, the patients received trigger point injections.

SHIPMAN & GOODWIN® LLP • COUNSELORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103-1919 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

31.     The medically accepted standard of care, as outlined in *Principles of CPT Coding*, published by the American Medical Association, is that paravertebral nerve block injections, paravertebral facet joint injections, and/or epidural injections be performed under visualization. The proper method of visualization is X-ray fluoroscopy.

32.     X-ray fluoroscopy is used to guide surgical instruments, such as a needle, around delicate structures during orthopedic and neurosurgical procedures such as paravertebral nerve block injections, paravertebral facet joint injections, and/or epidural injections.

33.     The paravertebral nerve block injection involves the insertion of a small needle into the space where the nerve root extends out between the vertebrae. The applicable standard of care dictates that this procedure be done under X-ray fluoroscopic guidance in order to direct the needle to the precise anatomical location.

34.     The paravertebral facet joint injection is a high risk procedure because the cervical, thoracic, and lumbar facets, where the injection is administered, are located in close proximity to neural and vascular structures. As a result, the standard of care holds that the needle be directed into the facet joints using X-ray fluoroscopic guidance.

**SHIPMAN & GOODWIN® LLP** • *COUNSELORS AT LAW*
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103-1919 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

35.     The epidural injection is an injection performed under fluoroscopic guidance for precise anatomic localization, which is necessary to avoid potential intrusion of the vertebral artery, or damage to the spinal cord or surrounding nerve roots. As such, the applicable standard of care dictates that an epidural injection be administered under X-ray fluoroscopic guidance.

36.     Trigger point injections are used to treat painful areas of muscle that contain painful trigger points, which are knots in the muscle that form when it cannot relax. These injections are performed in a doctor's office and take very little time to complete. They are not performed under visualization.

37.     Upon information and belief, at all times material to the Complaint, Defendants did not possess the technology, i.e., an X-ray fluoroscope, necessary to perform paravertebral nerve block injections, paravertebral facet joint injections, and/or epidural injections under visualization.

38.     Additionally, paravertebral nerve block injections, paravertebral facet joint injections, and/or epidural injections are performed by orthopedic surgeons or physiatrists. Only in the very rare case would a rheumatologist like Defendant Dr. Kage perform such a

SHIPMAN & GOODWIN® LLP •  COUNSELORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT  06103-1919 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

procedure and, even then, the rheumatologist would be required to perform the procedure with fluoroscopic guidance.

39. Upon information and belief, Defendants submitted forms CMS 1500 to the Government indicating that they had performed paravertebral nerve block injections, paravertebral facet joint injections, and/or epidural injections on Medicare beneficiaries when Defendants had only performed trigger point injections.

40. The Government reimburses paravertebral nerve block injections, paravertebral facet joint injections, and/or epidural injections at a rate significantly higher than the rate for trigger point injections.

B. Fraudulent Submission of Claims for Reimbursement to Medicare for Office Visits and/or Procedures Performed by a Physician's Assistant or Nurse Practitioner

41. Upon information and belief, Defendants fraudulently submitted claims to the Government for office visits and/or procedures performed by a physician when the visit and/or procedure was conducted by a physician's assistant or nurse practitioner.

42. Defendants' former patients stated that they had not had services rendered directly by Defendant Dr. Kage during the relevant time period; however, according to

-12-

Defendants' patient medical records, Defendant Dr. Kage had evaluated and treated the patient during that period.

43. Form CMS 1500 requires a code modifier or a non-physician code of service to be used when procedures and/or examinations are performed by a physician's assistant or a nurse practitioner, rather than by a medical doctor.

44. The Government reimburses services provided by a physician's assistant or a nurse practitioner at a lesser amount than those services provided by a medical doctor.

45. Upon information and belief, Defendants overcharged the Government for procedures and/or office visits for Medicare beneficiaries by submitting forms CMS 1500 to the Government without indicating that a physician's assistant or nurse practitioner performed the procedure and/or office visit.

## COUNT ONE

### Substantive Violations of the False Claims Act: 31 U.S.C. §§ 3729(a)(1) and (a)(2)

46. Relator realleges and incorporates the allegations made in Paragraphs 1 through 45 of this Complaint.

47. Through the acts described above, Defendants knowingly presented and/or caused to be presented to the Government false and fraudulent claims, records, or statements

SHIPMAN & GOODWIN® LLP • COUNSELORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103-1919 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

in order to obtain reimbursement for health care services provided under Medicare in violation of 31 U.S.C. §§ 3729(a)(1) and (a)(2).

48. Through the acts described above and otherwise, Defendants knowingly made, used, and/or caused to be made or used false records or statements in order to get such false and fraudulent claims reimbursed and approved by the Government.

49. The Government was unaware of the falsity of the records, statements, or claims for reimbursement made and/or submitted to the Government by Defendants.

50. The Government would not have reimbursed Defendants if it had known the falsity of the records, statements, or claims made and/or submitted by the Defendants.

51. The Government has paid thousands of dollars in Medicare reimbursement that it would not otherwise have paid.

52. By reason of Defendants' misconduct, the Government has suffered actual damages.

### COUNT TWO

### False Claims Act Conspiracy: 31 U.S.C. § 3729(a)(3)

53. Relator realleges and incorporates by reference the allegations made in Paragraphs 1 through 52 of this Complaint.

SHIPMAN & GOODWIN® LLP • COUNSELORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103-1919 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

54.     Through the acts described above and otherwise Defendants entered into one or more conspiracies to defraud the Government by getting false and fraudulent claims reimbursed.

55.     Defendants have taken substantial steps in furtherance of those conspiracies, *inter alia*, by preparing false forms CMS 1500 and by submitting such forms to the Government for reimbursement on Defendants' behalf.

56.     The Government was unaware of Defendants' conspiracy or the falsity of the records, statements, or claims for reimbursement made by Defendants.

57.     The Government would not have reimbursed Defendants if it had known of the conspiracy or of the falsity of the records, statements, or claims made and/or submitted by the Defendants.

58.     The Government has paid thousands of dollars in Medicare reimbursement that it would not otherwise have paid.

59.     By reasons of Defendants' conspiracy and the acts taken in furtherance thereof, the Government has suffered actual damages.

SHIPMAN & GOODWIN® LLP  •  *COUNSELORS AT LAW*
ONE CONSTITUTION PLAZA  •  HARTFORD, CONNECTICUT  06103-1919  •  (860) 251-5000  •  FAX (860) 251-5099  •  JURIS NO. 57385

## PRAYER

WHEREFORE, *qui tam* Plaintiff/Relator prays for judgment against Defendants as follows:

1. That Defendants cease and desist from violating 31 U.S.C. §§ 3729 to 3733;

2. That the Court enter judgment against Defendants in an amount equal to three times the amount of damages the Government has sustained as a result of Defendants' and/or its co-conspirators' actions, as well as a civil penalty against Defendants of $11,000 for each violation of 31 U.S.C. § 3729;

3. That Relator be awarded the maximum amount allowed pursuant to 31 U.S.C. § 3730(d);

4. That Relator be awarded all costs and expenses of this action, including attorneys' fees and court costs pursuant to 31 U.S.C. § 3730(d); and

5. That the United States and Relator receive all such all relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, *qui tam* Plaintiff/Relator hereby demands a trial by jury.

**SHIPMAN & GOODWIN**® LLP • *COUNSELORS AT LAW*
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103-1919 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

RESPECTFULLY SUBMITTED,

FOR THE RELATOR,
DR. MARK RUDERMAN

*/s/ Brooke E. Havard*
Ross H. Garber
Federal Bar No. ct17689
Email: rgarber@goodwin.com
Brooke E. Havard
Federal Bar No. ct27711
Email: bhavard@goodwin.com
Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT  06103-1919
Phone:  (860) 251-5000
Fax:  (860) 251-5219
**Attorneys for *qui tam* Plaintiff/Relator Mark Ruderman**

524408 v.01